

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRACY ANN PERRY,                              )
                                              )
                        Plaintiff,            )   Civil Action No.: 05 C 1578
                                              )
        v.                                    )   Suzanne B. Conlon, Judge
                                              )
EXPERIAN INFORMATION SOLUTIONS, INC.          )
and  EQUIFAX  INFORMATION  SERVICES,          )
LLC,                                          )
                                              )
                        Defendants.           )

## MEMORANDUM OPINION AND ORDER

Tracy Ann Perry sues Experian Information Solutions, Inc. and Equifax Information Services,

LLC, alleging violations of the Fair Credit Reporting Act ("the FCRA"), 15 U.S.C. § 1681, *et seq.*

A technical default was entered against Equifax. No. 05C1578, Dkt. No. 15 (N.D. Ill. June 7, 2005).

Experian moves for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

This case arises from allegedly derogatory and inaccurate information in Perry's credit report

prepared by Experian. The parties agree that four accounts listed in Perry's credit report are in

dispute: (1) FNB Omaha No. 040321309496329; (2) Chase NA No. 5184450081282596; (3)

Providian Financial No. 5418255202701400; and (4) Zale/cbusa No. 6035251000851043. *See* Def.

Facts ¶ 7; Pl. Facts ¶ 7. Between July 2004 and February 2005, Perry sent nine dispute letters to

Experian, claiming numerous inaccuracies in her credit report. In response to her complaints,

Experian conducted several investigations and corrected some of the disputed items. Experian

investigated the four disputed accounts through its automated consumer dispute verification ("ACDV") system. Experian determined the account information was accurate, and kept the four accounts in her credit report. As a result, Perry filed this case, seeking actual and punitive damages, as well as costs and attorney's fees.

## I.    Perry's July 16, 2004 Dispute Letter

In early July 2004, Perry, a consumer residing in Louisiana, discovered inaccurate information in her credit report prepared by Experian. Pl. Add'l Facts ¶ 1. On July 16, 2004, she sent her first dispute letter to Experian. *Id.* She claimed two errors in her credit report: (1) she paid four accounts late – Bank of America, Rshk/cbusa, Chase NA (ending 2596), and Bank One-Ohio; and (2) she held accounts with FNB Omaha and Providian Financial. Pl. Add'l Facts Ex. A. She requested that Experian eliminate the late-payment notation on the four accounts and remove the FNB Omaha and Providian Financial accounts from her report. *Id.*

In response, Experian sent ACDV forms to Chase NA, FNB Omaha, and Providian Financial. Pl. Add'l Facts ¶ 2. The ACDVs to FNB Omaha and Providian Financial stated: "[Consumer claims] [n]ot his/hers. Provide complete ID;" and the ACDV to Chase NA stated: "[Consumer] [d]isputes present/previous [a]ccount [s]tatus, [h]istory. Verify accordingly." Pl. Add'l Facts Ex. B. Both Chase NA and FNB Omaha verified the account information and requested minor modifications. *Id.* (EISI 0027-28). Providian Financial's reply matched Perry's first and last names as well as her social security number, but it indicated a New York address. *See id.* (EISI0029). This address matched another address in her credit report at the time. Def. Suppl. Appendix Ex. 18 (Williams Suppl. Aff.) ¶ 40; *see also* Pl. Add'l Facts Ex. C (EISI0069). Thus, Experian considered this account verified.

Def. Appendix Ex. 4 (Williams Aff.) ¶¶ 10-11. It is unclear what steps Experian took to investigate the other accounts. *See* Def. Appendix Ex. 4 (Williams Aff.) ¶¶ 6-10. But Experian's response to Perry showed that all the disputed accounts were investigated. Pl. Add'l Facts Ex. C (EISI0055) (list of investigated items). On August 4, 2004, Experian updated her credit report and refused to remove the FNB Omaha and Providian Financial accounts. *Id.*

## II. Perry's September 10, 2004 Dispute Letter

Dissatisfied by Experian's response, Perry sent her second dispute letter on September 10, 2004, stating: "Give it to me, poor [*sic*] it on thick. Give me your best excuses about why the Chase Na, Fnb Omaha and Providian Financial listings are on my report. . . . [T]ell me why the Rshk/cbusa payment was late." Pl. Add'l Facts Ex. D. This was the first time she claimed that she did not own the Chase NA account (ending 2596). *Compare id. with* Pl. Add'l Facts Ex. A.

In a report dated September 17, 2004, Experian stated it had already investigated Perry's accounts with Chase NA, FNB Omaha, Providian Financial, and Rshk/cbusa, and suggested she directly contact the creditors about her complaints. Pl. Add'l Facts Ex. E. Although she did not dispute the Zale/cbusa account in this letter, Experian obtained an ACDV response from Zale. Def. Appendix Ex. 4 (Williams Aff.) ¶ 16-18. And on September 24, 2004, Experian sent Perry a second report stating that it had investigated all disputed accounts. Pl. Add'l Facts Ex. F.

3

### III. Perry's October 23, 2004 Letter

On October 23, 2004, Perry sent her third dispute letter. Pl. Add'l Facts Ex. G. Again, she demanded removal of the Chase NA, FNB Omaha, and Providian Financial accounts. *Id.* She further disputed that she paid late on the Rshk/cbusa and Zale/cbusa accounts. *Id.*

In response, Experian sent ACDVs on both Chase NA accounts appearing in Perry's credit report. Pl. Add'l Facts Ex. H. Experian's ACDVs stated: "[Consumer claims] [n]ot his/hers. Provide complete ID." *Id.* Chase NA's November 10, 2004 ACDV reply on the account ending 2596 showed matching information on Perry, except without her middle name and date of birth. *Id.* (EISI0032). Experian again informed her that the disputed information was accurate. *See* Pl. Add'l Facts ¶ 8.

### IV. Perry's November 8, 2004 dispute letter

On November 8, 2004, Perry sent her fourth dispute letter. Pl. Add'l Facts Ex. I. This time, Perry listed eleven addresses where she claimed to have never resided. *Id.* (EISI0008). She stated that accounts under her name with Chase NA, FNB Omaha, and Providian Financial were products of identity theft. *Id.* (EISI0009).

In response, Experian sent ACDVs to these three creditors. *See* Pl. Add'l Facts Ex. J. On each ACDV, Experian noted: "Consumer claims true identity fraud – account fraudulently opened. Provide complete ID." *Id.* Chase NA's reply matched Perry's full name, address, and social security number, but did not contain her date of birth. *See id.* (EISI0033). FNB Omaha's reply matched her first and last names (and indicating "A" as her middle name), address, social security number, and date of birth, but did not contain a previous address. *See id.* (EISI0034). And Providian Financial's

4

reply matched her first and last names (and indicating "A" as her middle name) and social security number, but contained two discrepancies: (1) Providian Financial had no record of her date of birth; and (2) it listed her address as "1905 W THOMAS ST STE B HAMMOND, LA 70401," rather than "1905 B WEST THOMAS ST HAMMOND, LA 70401" as in Experian's ACDV. *See id.* (EISI0035). All three replies either stated that account information was accurate or requested that account information be modified. *Id.* (EISI0033-35). Experian determined the discrepancies to be minor for verification purposes. *See* Def. Appendix Ex. 4 (Williams Aff.) ¶ 24. On November 12, 2004, Experian sent Perry a report, stating that it stored addresses as provided by creditors and as indicated in public records. Pl. Add'l Facts Ex. K.

### V.     Perry's November 15, 2004 Dispute Letter

On November 15, 2004, Experian received Perry's fifth dispute letter, which repeated the information in her fourth dispute letter. Pl. Add'l Facts Ex. L. In addition, she claimed that Experian's report contained an incorrect telephone number and date of birth, and she also disputed the information on three accounts:    (1) Fleet CC No. 430550005614; (2) Discover No. 601100694071; and (3) Zale/CBUSA No. 603525100085 (presumably one of the four disputed accounts in this case). *Id.*

In a report dated November 16, 2004, Experian informed Perry that it had deleted the information on the Discover and Fleet CC accounts, the telephone number, and eight addresses. *See* Pl. Add'l Facts Ex. N (EISI0143-45); *see also* Def. Suppl. Appendix Ex. 18 (Williams Suppl. Aff.) ¶ 42. The report also stated that Experian's investigation of the Chase NA, FNB Omaha, and Providian Financial accounts was still pending. Pl. Add'l Facts Ex. N (EISI0143). But the report

5

contained, as she claimed, her incorrect date of birth (October 12, 1962, instead of 1961) and several addresses included in her dispute letters. *Id.* (EISI0145). On November 22, 2004, Experian received Chase NA's ACDV reply verifying one Tracy A. Perry (instead of "Tracy Ann Perry"), with the same social security number, residing at the same address. Pl. Add'l Facts Ex. M. But this reply did not contain a previous address or a date of birth. *Id.* Experian determined this account was verified.

## VI.     Perry's November 21, 2004 and November 29, 2004 Dispute Letters

On November 21, 2004, Perry sent her sixth dispute letter, again demanding removal of the accounts with Chase NA, FNB Omaha, and Providian Financial, and investigation of the accounts with Rshk/cbusa and Zale/cbusa. Pl. Add'l Facts Ex. O. On November 29, 2004, Perry sent her seventh dispute letter, demanding removal of the accounts with FNB Omaha, Providian Financial, and Zale/cbusa, and investigation of the accounts with Chase NA and Hancock Bank of La. Pl. Add'l Facts Ex. P.

Experian determined that these two letters failed to provide sufficient additional information to justify a reinvestigation. *See* Def. Appendix ¶¶ 27-28. Experian still sent Perry two reports. Pl. Add'l Facts ¶¶ 18-19. In a report dated December 2, 2004, Experian suggested that she contact the creditors if she suspected fraud. Pl. Add'l Facts Ex. Q (EISI0165). In another report dated December 7, 2004, Experian informed her its investigation of the Hancock Bank of La account was still pending, and her accounts with Chase NA, FNB Omaha, Providian Financial, and Zale/CBUSA had been verified as accurate. Pl. Add'l Facts Ex. R.

## VII.   Perry's 2005 Dispute Letters

On January 21, 2005, Perry sent her eighth dispute letter, together with a copy of her driver's

license and a list of disputed accounts. Pl. Add'l Facts Ex. S.  All the accounts she had previously

disputed were on this list. *See id.* (EISI0022).  Next to the Chase NA, FNB Omaha, and Providian

Financial accounts, she noted: "stolen ss# not my account," and she noted "paid off" next to the

Zale/cbusa account. *Id.*  These notations provided no additional information about the alleged

inaccuracy. *See* Def. Appendix Ex. 4 (Williams Aff.) ¶ 29. In addition to repeating her complaints,

she claimed for the first time that a Capital One account did not belong to her. *See* Pl. Add'l Facts

Ex. S (EISI0022).  As a result of its investigation, Experian removed the Capital One account from

her credit report dated February 25, 2005. Pl. Add'l Facts Ex. X (EISI0229).

On January 31, 2005, Perry sent her ninth and final dispute letter, again requesting

investigation of the Chase NA and Hancock Bank of La accounts, as well as removal of the FNB

Omaha, Providian Financial, and Zale/cbusa accounts. Pl. Add'l Facts Ex. V.

It is undisputed that Experian conducted no further reinvestigation in response to Perry's

eighth and ninth dispute letters. *See* Pl. Add'l Facts ¶¶ 20-24; Def. Appendix Ex. 4 (Williams Aff.)

¶¶ 29, 32.


## DISCUSSION

### I.   Summary Judgment Standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. Nat'l Human Res. Comm., Inc.*,

218 F.3d 719, 723 (7th Cir. 2000). "The moving party has the initial burden of demonstrating that it is entitled to summary judgment." *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II.    FCRA Claims

Congress enacted the FCRA to ensure consumer reporting agencies adopt reasonable procedures to report consumer credit information "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). In her first amended complaint, Perry alleges Experian violated three FCRA provisions – § 1681e(b), § 1681i(a), and § 1681i(c) – for failing to consider her complaints, follow reasonable procedures to investigate them, and take actions after investigation. Pursuant to 15 U.S.C. §§ 1681n and 1681o, she seeks actual damages, punitive damages, and attorney's fees.

The parties do not dispute Perry is a "consumer" under 15 U.S.C. § 1681a(c) and Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f). But they disagree vigorously on

8

whether Experian's responses to Perry's nine dispute letters were reasonable and whether she sustained any damages as a result of Experian's inaccurate reporting.

## A.    Reasonable Procedure Under § 1681e(b)

This section provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information" in the report. 15 U.S.C. § 1681e(b). To prove a § 1681e(b) claim, Perry must establish four elements: (1) Experian's consumer report contained inaccurate information; (2) the inaccuracy resulted from Experian's failure to follow reasonable procedures; (3) she suffered damages; and (4) the injury was caused by the inaccurate information. *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). Experian does not dispute Perry's credit report contained inaccurate information. But it argues its procedure was reasonable as a matter of law and its reporting did not cause her to suffer any injury.

Generally, the determination of reasonableness of reporting agencies' procedures is a factual question for the jury, even when the underlying facts are undisputed. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001). Thus, summary judgment for Experian is appropriate only if its procedures are unquestionably reasonable. *Id.* (continued confusion between reports of two consumers after receiving notice might be viewed as a failure to maintain reasonable procedures). For the reasons set forth below, the court finds Experian's procedure reasonable as a matter of law.

The use of ACDVs has been accepted by courts as an adequate method for assuring accuracy. *See Lee v. Experian Info. Solutions*, 02C8424, 2003 WL 22287351, at *6 (N.D. Ill. Oct. 2, 2003) (citing *Dickens v. Trans Union Corp.*, No. 00-5605, 2001 WL 1006259, at *4 (6th Cir. Aug. 23,

9

2001)). Of course, to determine whether a procedures is reasonable, the court must consider the surrounding circumstances in which the procedure was undertaken. *See Philbin*, 101 F.3d at 963 (reasonable procedures are those that a reasonably prudent person would undertake under the circumstances). A close examination of the record reveals no evidence that would require Experian to investigate Perry's disputes beyond using ACDVs.

Experian first received notice of Perry's disputes on July 22, 2004. Def. Appendix Ex. 4 (Williams Aff.) ¶ 3; *see also* Pl. Add'l Facts Ex. A (first dispute letter dated July 16, 2004). Experian investigated each of the six accounts listed in her dispute letter. *Compare* Pl. Add'l Facts Ex. C (EISI0055) *with* Pl. Add'l Facts Ex. A. For the Chase NA, FNB Omaha, and Providian Financial accounts, Experian sent ACDVs to the creditors. *See* Pl. Add'l Facts Ex. B. On all three ACDVs, Experian accurately included the reasons for dispute stated in her letter. *See id.* All three creditors verified her first and last names, as well as her social security number. *See id.* Both Chase NA and FNA Omaha provided an address substantially similar to the address on her letter, and they instructed Experian to modify account information. *Id.* (EISI0027-28). While Providian Financial's ACDV indicated a New York address, it nonetheless noted: "Account information accurate as of date reported." *Id.* (EISI0029). And at this point, Experian had no knowledge about her later claim that she never resided at that New York address. *See* Pl. Add'l Facts Ex. I (disputing the New York address for the first time on November 8, 2004). In fact, the New York address matched an address in her credit report at the time. Def. Suppl. Appendix Ex. 18 (Williams Suppl. Aff.) ¶ 40; *see also* Pl. Add'l Facts Ex. C (EISI0069). Based on the ACDVs, Experian determined the three accounts belonged to Perry. Def. Appendix Ex. 4 (Williams Aff.) ¶ 11. Experian conducted similar

investigations of these accounts in October and November 2004. *See* Pl. Add'l Facts Exs. H, J, M. Every reply ACDV verified her information. *See* Def. Appendix Ex. 4 (Williams Aff.) ¶¶ 22-26.

The Seventh Circuit has held that similar investigation procedures are reasonable based on the scant information provided. In *Westra v. Credit Control of Pinellas*, the Seventh Circuit affirmed summary judgment for a collection agency. 409 F.3d 825, 827 (7th Cir. 2001). In *Westra*, a collection agency tried to collect from a consumer for services received by a perpetrator who had stolen the consumer's identity. *Id.* at 826. The consumer sent a dispute letter including a fraud statement and information about the perpetrator. *Id.* The reporting agency sent a consumer dispute verification ("CDV") to the collection agency, but failed to identify the nature of the dispute or to submit evidence of identity theft. *Id.* The collection agency verified only the name, address, and date of birth, and returned the CDV to the reporting agency. *Id.* The district court held that given the scant information the collection agency received regarding the nature of the dispute, the collection agency's investigation was reasonable as a matter of law; the Seventh Circuit agreed. *Id.* at 827.

Perry's first three dispute letters merely asserted that the Chase NA, FNB Omaha, and Providian Financial accounts were not hers. *See* Pl. Add'l Facts Exs. A, D, G. Her fourth dispute letter claimed that these accounts were products of identity theft, but provided no further information. *See* Pl. Add'l Facts Ex. I. Experian's six ACDVs sent in response to her first and fourth dispute letters accurately stated her reasons for dispute. *See* Pl. Add'l Facts Exs. B, J. All six replies contained matching first and last names as well as social security number, and five of them indicated an address sufficiently similar to the one appearing in her dispute letters. *Id.* In August 2004, Experian had no reason to suspect the accuracy of the New York address from Providian Financial. *See* Def. Suppl. Appendix Ex. 18 (Williams Suppl. Aff.) ¶ 40. Thus, Experian's procedure in

11

verifying her disputed accounts is reasonable. *See Westra*, 409 F.3d at 827; *see also Bagby v. Experian Info. Solutions*, No. 03C2828, 2004 WL 1244113, at **2-4 (N.D. Ill. June 7, 2004) (granting summary judgment to Experian because its verification based on creditor's CDV was reasonable).

Citing *Westra*, Perry argues that Experian's procedure was unreasonable because it failed to supply the creditors with sufficient information. Her argument is unpersuasive. First, she misreads *Westra*. *Westra* holds the collection agency's investigation was reasonable because it received little information from the reporting agency about the dispute. *Westra*, 409 F.3d at 827. But *Westra* does not impose a duty on reporting agencies to furnish all available information to creditors. *See id.* Thus, her reliance on *Westra* is misplaced. Second, Experian accurately identified the reasons for her dispute in each ACDV it sent to creditors. *See, e.g.,* Pl. Add'l Facts Ex. B (EISI0028) (noting "001 - not his/hers. Provide complete ID"); Ex. J (EISI0033) (noting "103 - Consumer claims true identity fraud - account fraudulently opened. Provide complete ID"). Perry's terse dispute letters provided no detailed information regarding the alleged identity theft. *See, e.g.,* Pl. Add'l Facts Exs. A, I (merely stating "these accounts are not mine because of identity theft"). In light of the evidence, Experian provided sufficient information in its ACDVs to creditors.

Based on the scant information Perry provided in her dispute letters, Experian's investigation using ACDVs was reasonable. She fails to raise an issue of material fact concerning the reasonableness of Experian's procedures. Accordingly, summary judgment must be granted to Experian on the § 1681e(b) claim.

## B.     Duty to Reinvestigate Under § 1681i(a)

The FCRA imposes a duty on reporting agencies to reinvestigate the accuracy and completeness of every item of information in a consumer's file if the consumer disputes the information. 15 U.S.C. § 1681i(a). This section further requires reporting agencies to correct any inaccurate information within 30 days after receiving a dispute. *Id.* Perry claims Experian failed to conduct reasonable reinvestigation of her disputes.

The record, however, reflects Experian complied with its legal obligations. Between July 2004 and February 2005, Experian responded to each of Perry's dispute letters, and for several disputes, it investigated more than once. For example, Experian investigated all six accounts she disputed in her first letter. *See* Pl. Add'l Facts Ex. C (EISI000055) (list of items investigated). For the Chase NA, FNB Omaha, and Providian Financial accounts, Experian sent ACDVs. Pl. Add'l Facts Ex. B. And based on its investigation, Experian corrected Perry's credit report. *See* Pl. Add'l Facts Ex. C. In November 2004, Experian sent another round of ACDVs to Chase NA, FNB Omaha, and Providian Financial. Pl. Add'l Facts Ex. J. In response to her complaint about eleven addresses in her fourth letter, Experian deleted eight addresses from her file after its investigation. Def. Suppl. Appendix Ex. 18 (Williams Suppl. Aff.) ¶ 42; *see also* Pl. Add'l Facts Ex. N.

The court finds only two disputed items where the record does not show any correction or investigation: the incorrect telephone number (one of the three numbers on Perry's file) and date of birth (showing 1962 instead of 1961) included in her fifth letter. *See* Pl. Add'l Facts Ex. L; Pl. Add'l Facts ¶ 16. The parties did not address the materiality of these items. There is no basis to infer any adverse impact on Perry's creditworthiness, especially when Experian's ACDVs showed her correct birth year of 1961. *See, e.g.,* Pl. Add'l Facts Ex. B. Moreover, the existence of reporting agencies'

13

mistakes does not "render the procedure unreasonable." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 972 (7th Cir. 2004) (reporting agencies are not required under the FCRA to examine each computer-generated credit report for anomalous information in order for its procedures to be considered reasonable). Therefore, the court finds that Experian has demonstrated there is no issue of material fact concerning the performance of its duty to reinvestigate under § 1681i(a).

Perry argues Experian's reinvestigations were unreasonable, suggesting that it should have gone beyond using ACDVs. The court disagrees. In *Henson v. CSC Credit Services*, the Seventh Circuit outlines the framework for determining the reasonableness of reporting agencies' reinvestigation. 29 F.3d 280 (7th Cir. 1994). There are circumstances when a credit reporting agency may be required to verify the accuracy of its initial source of information. *Id.* at 287. The Seventh Circuit employs a cost-benefit analysis to decide what reinvestigation is reasonable:

> Whether the credit reporting agency has a duty to go beyond the original source will depend, in part, on whether the consumer has alerted the reporting agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable. The credit reporting agency's duty will also depend on the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer.

*Id.*

Applying these principles, Perry has failed to raise an issue of material fact regarding Experian's duty to reinvestigate beyond its initial sources. The record is devoid of any *evidence* that any of Experian's initial sources was unreliable. Perry attempts to shoehorn her "nine dispute letters . . . with supporting documentation" into the notice of unreliability contemplated in *Henson*. Pl. Mem. 12. She argues *Henson* requires Experian to go beyond using ACDVs. Yet her dispute letters contained mere conclusions, such as "[t]hose are not my accounts," Pl. Add'l Facts Ex. A, and her

14

"supporting documentation" comprised of a list of addresses, a list of accounts, and a copy of her driver's license. *See* Pl. Add'l Facts Exs. J, S. She did not supply information about the alleged identity theft. And based on her "scant information," Experian's ACDV reinvestigations were reasonable *per se*. *See Westra*, 409 F.3d at 827. Furthermore, her argument fails because it contradicts *Henson*. Dispute letters, by their nature, suggest initial sources have supplied incorrect information. If dispute letters with no detailed information would constitute notice of unreliability contemplated in *Henson*, all reporting agencies have the duty to reinvestigate beyond their initial sources upon receipt of dispute letters. This cannot be the result the Seventh Circuit intended when it tailored the *Henson* cost-benefit analysis.

In a similar case, this court held that a reporting agency's use of ACDV satisfies its duty to reinvestigate under § 1681i(a). *Benson v. Trans Union, L.L.C.*, No. 04C3860, 2005 WL 2293375, at **6-7 (N.D. Ill. Aug. 5, 2005). In *Benson*, plaintiff's father was delinquent in paying a utility bill under plaintiff's name. *Id.* at **1-2. The utility company sent the bill to a collection agency, which in turn reported the delinquency to defendant reporting agency. *Id.* Plaintiff telephoned defendant twice to dispute this delinquent item in his credit report. *Id.* at *2. In response to both disputes, defendant sent ACDVs to the collection agency. *Id.* And for both ACDVs, the collection agency verified plaintiff's name, address, and social security number. *Id.* As a result, defendant refused to remove the delinquent item from plaintiff's report. *Id.* Plaintiff sued, alleging a § 1681i(a) violation. *Id.* at *6. In granting summary judgment to defendant on the § 1681i(a) claim, the court rejected plaintiff's argument that his disputes put defendant on notice that the collection agency's information was unreliable. *Id.* The court reached its conclusion based on two reasons applicable here. First, nothing in the record indicated that defendant had any reason to doubt the reliability of its information

15

sources. *Id.* Second, plaintiff failed to explain what other investigatory measures defendant should have undertaken and what information these measures would have revealed. *Id.* The same reasoning applies here.

Finally, Perry invites the court to require Experian to reinvestigate each dispute upon receipt of each of her nine letters. Imposing this requirement may unduly burden reporting agencies with reinvestigation cost. Most of Perry's letters repeated the same disputes. Requiring Experian to repeat the same reinvestigation each time it receives her letters would not only be wasteful, but would also be inconsistent with the principle of cost-effectiveness. *Henson*, 29 F.3d at 286 (absence notice of inaccurate information, § 1681i(a) does not require procedures that are "burdensome and ineffective"). A rule requiring reinvestigation of every dispute letter regardless of whether it is repetitive may encourage potential FCRA plaintiffs and their counsel to mail multiple letters solely for the purpose of triggering this requirement. The cost of wasteful reinvestigation would ultimately be passed on consumers, frustrating FCRA's goal of consumer protection. *See* 15 U.S.C. § 1681(b).

Perry has failed to raise an issue of material fact as to the reasonableness of Experian's reinvestigation.

### C.   Damages

Even if Experian violated § 1681e(b) and § 1681i(a), summary judgment would nonetheless be warranted because Perry has failed to show any damages. The amended complaint alleges actual, emotional, and punitive damages. Experian argues the § 1681e(b) and § 1681i(a) claims fail because she did not suffer actual damages as a result of inaccurate reporting. To survive summary judgment, she must show that she suffered damages because of an inaccuracy in Experian's credit reports.

16

*Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005). She claims actual damages because between July 2004 and April 2005, seven companies accessed her Experian credit file. Even if this assertion constitutes competent evidence on publication of inaccurate information, she proffers no evidence she suffered any resulting damages. In *Wantz v. Experian Information Solutions*, the Seventh Circuit affirmed summary judgment because, in part, "the record is devoid of any indication that a potential creditor denied Wantz credit because of what Experian reported." 386 F.3d 829, 833 (7th Cir. 2004). Perry's claims cannot survive summary judgment because of the same defect.

Perry also fails to proffer competent evidence of emotional distress. The Seventh Circuit requires a "high degree of specificity" on evidence of emotional distress. *Ruffin-Thompkins*, 422 F.3d at 609. "[W]hen the injured party's own testimony is the only proof of emotional damages, she must explain the circumstances of her injury in reasonable detail; she cannot rely on mere conclusory statements." *Id.* (internal brackets omitted). Perry proffers nothing more than conclusory statements: "Plaintiff testified she was stressed out, depressed, crying, suffered from loss of sleep and feared the risk of losing her marriage." Pl. Mem. 14. These statements are patently deficient to survive summary judgment. *See Wantz*, 386 F.3d at 833-34 (affirming summary judgment where plaintiff's proof of emotional distress constituted only his testimony about embarrassment and stress); *Alston v. King*, 231 F.3d 383, 388 (7th Cir. 2000) (plaintiff must "reasonably and sufficiently explain the circumstances of the injury rather than relying on mere conclusory statements" to claim damages for emotional distress); *cf. McKeown v. Sears Roebuck & Co.*, 335 F. Supp. 2d 917, 932 (W.D. Wis. 2004) (finding issues of fact on emotional distress where plaintiff submitted his wife's affidavit chronicling his change of behavior).

17

That leaves Perry with her claims for punitive damages. To be entitled to punitive damages under the FCRA, she must show a willful violation. *See* 15 U.S.C. § 1681n; *Sarver*, 390 F.3d at 971 (affirming summary judgment because there was no evidence of willfulness). But she only asserts Experian acted in conscious disregard for her rights without pointing to any evidence of its willfulness. As discussed above, Perry has failed to show that Experian violated the FCRA. If FCRA claims of negligence cannot survive, it follows *a fortiori* claims for punitive damages cannot survive. *Wantz*, 386 F.3d at 834-35.

## D. Causation

To recover under the FCRA, "the consumer must affirmatively prove that she is entitled to damages." *Ruffin-Thompkins*, 422 F.3d at 610. To raise an issue of material fact on causation, Perry merely asserts that publication of her inaccurate credit report caused her great distress. This conclusory statement does not satisfy her burden of setting forth specific facts to demonstrate existence of a genuine issue for trial. *See Wantz*, 386 F.3d at 833 (affirming summary judgment for reporting agency because plaintiff failed to proffer evidence on causation).

## E. Remaining Issues

On October 11, 2005, the court granted Perry's motion to supplement her response to Experian's summary judgment motion. In her supplemental brief, Perry argues Experian's investigative procedures are faulty based on *dictum* in *Ruffin-Thompkins*. On a motion for summary judgment, the court may consider only "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *See Ruffin-Thompkins*, 422 F.3d at 607.

18

Accordingly, the court may not consider other materials, and certainly not factual conclusions from other cases. Perry's argument is rejected.

In her opposition to Experian's motion, Perry has failed to address claims in her first amended complaint under § 1681i(c) and for lost administrative costs. As a result, she has not raised any genuine issue of material fact nor cast any doubt on Experian's assertion that these claims present no genuine issue of material fact. Therefore, summary judgment must be granted on these claims. *See Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003) (arguments not presented to the district court in opposition to summary judgment motion are abandoned).

## CONCLUSION

For the foregoing reasons, Experian's motion for summary judgment is granted. Final judgment is entered for defendant Experian Information Solutions, Inc. and against plaintiff Tracy Ann Perry as there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b). This memorandum opinion and order constitutes final decision of the court pursuant to 28 U.S.C. § 1291.

ENTER:

Suzanne B. Conlon
United States District Judge

October 28, 2005

19